IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| LAURO AZAHEL CORTES MAGANA, | ) ) ) | |
| Petitioner, | ) ) | |
| v. | ) ) | Case No. CIV-26-647-HE |
| WARDEN OF CIMARRON CORRECTIONAL FACING U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT (ICE), | ) ) ) ) ) ) | |
| Respondent. | ) | |

## ORDER TO CURE DEFICIENCIES

The Court has received the habeas corpus petition filed on behalf of Petitioner. Doc. 1. However, the filing is deficient because it was signed and verified by "Martha A. Magana Next Friend." *Id.* at 8, 21.

An "[a]pplication for a writ of habeas corpus shall be in writing signed and verified by the person for whose relief it is intended or by someone acting in his behalf." 28 U.S.C. § 2242. A "next friend" may pursue relief on behalf of a detained person who is unable to seek relief on his own. *Whitmore v. Arkansas,* 495 U.S. 149, 162 (1990). To pursue a case as a next friend, the proposed next friend must show "that the real party in interest is unable to litigate his own cause due to mental incapacity, lack of access to court, or other similar disability." *Id.* at 165; see also *Williams v. Boone,* 1999 WL 34856, at

*5 (10th Cir. 1999) ("A next friend may not file a petition for a writ of habeas corpus on behalf of a detainee if the detainee himself could file the petition."); Rule 2(c)(5), Rules Governing Section 2254 Cases in the United States District Courts, advisory committee note to 2004 amendments ("The Committee envisions that the courts would apply [the] . . . 'next friend' standing analysis [set forth in *Whitmore*] in deciding whether the signer was actually authorized to sign the petition on behalf of the petitioner."). The proposed next friend must also demonstrate they are "truly dedicated to the best interests of the person on whose behalf [she] seeks to litigate" and "have some significant relationship with the real party in interest." *Whitmore*, 495 U.S. at 163-64. The burden is on the next friend to "clearly establish the propriety of [her] status and thereby justify the jurisdiction of the court." *Id.* at 164; *see also Jiron v. Swift*, 671 F. App'x 705, 706 (10th Cir. 2016) (rejecting father's attempt to act as next friend when he failed to show how his daughter's incarceration and failure to receive certain documents from the district court "interfered with her ability to communicate with the district court"); *Williams*, 1999 WL 34856, at *5 (holding that "a next friend applicant must explain why the detainee did not sign and verify the petition, and if he cannot do so, the court is without jurisdiction to consider it" (internal quotation marks omitted)).

The Court orders Martha A. Magana to clarify whether she seeks next friend status to file the petition on Petitioner's behalf. If Ms. Magana continues

to seek next friend status, she must also either retain counsel or show cause as to why she may proceed pro se as next friend for Petitioner. *See Bermudez Salas v. Figueroa*, No. CIV-26-178-D, 2026 WL 315066, at *2 (W.D. Okla. Feb. 5, 2026) (explaining that "even if [a pro se next friend] were recognized as Petitioner's next friend, she could not represent Petitioner or sign filings on her behalf, and would have to employ counsel to do so"). In the alternative, Petitioner may submit an amended petition that he has signed and verified.

The Court orders Petitioner or Ms. Magana to cure these deficiencies by May 6, 2026. Failure to comply with this Order may result in the dismissal of this action. The Clerk of Court is directed to send both Petitioner and Ms. Magana the necessary forms to comply with this order.[1]

**SO ORDERED** this 15th day of April, 2026.

SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE

---

[1]    These forms, and this Order, should be mailed to Ms. Magana at the mailing address listed in the Petition, Doc. 1, at 21, and to Petitioner at the Cimarron Correctional Facility in Cushing, Oklahoma. The Court also directs the Clerk of Court to mail the forms and order to the new address listed at the Petitioner's most recently filed Change of Address, Doc. 5. The Court notes that Petitioner is still listed as being confined at the Cimarron Correctional Facility. https://locator.ice.gov/odls/#/search (last visited April 15, 2026).