## IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA

LAURO AZAHEL CORTES
MAGANA,

    Petitioner,

v.

WARDEN OF CIMARRON
CORRECTIONAL FACING U.S.
IMMIGRATION AND
CUSTOMS ENFORCEMENT
(ICE),

    Respondent.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

**Case No. CIV-26-647-HE**

## REPORT AND RECOMMENDATION

Martha A. Magana filed this 28 U.S.C. § 2241 habeas corpus petition on March 30, 2026, on behalf of Petitioner Lauro Azahel Cortes Magana, an Immigration and Customs Enforcement (ICE) detainee, alleging various issues in Petitioner's immigration proceedings. Doc. 1, at 6-7. Ms. Magana signed the petition as Petitioner's "Next Friend." *Id.* at 8. Ms. Magana has not explained her relationship to the Petitioner, or why Petitioner cannot proceed in his habeas proceedings without her acting as his Next Friend. United States District Judge Joe Heaton referred the matter to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B). Doc. 4. The undersigned recommends the Court dismiss the petition without prejudice based on Ms. Magana's failure to follow the Court's rules and orders.

## I.   Discussion.

On April 1, 2026, the Court ordered Ms. Magana to clarify whether she seeks "next friend" status to file the petition on behalf of the Petitioner. Doc. 6, at 2-3. And the Court advised Ms. Magana that if she continued to seek next friend status, she needed to retain counsel or show cause as to why she should be allowed to proceed with representing Petitioner pro se. *Id*. at 2. Alternatively, the Court advised Petitioner that he could submit an amended petition on his behalf, signed and verified. Along with the order, the Clerk of Court sent Petitioner and Ms. Magana the necessary forms to comply with the Court's order. The undersigned warned Petitioner and Ms. Magana that if they failed to comply with the Court's order to cure by May 6, 2026, Petitioner's would be subject to dismissal. *Id*. at 3. As of this date, Petitioner and Ms. Magana have not responded to the Court's order.

The Clerk of Court mailed a copy of the order and the forms to Petitioner and Ms. Magana at their respective addresses provided to the Court. Doc. 6 (Staff notes). The Postmaster has not returned the mail as undeliverable. "Papers sent by the court will be deemed delivered if sent to the last known address given to the court." LCvR5.4.

Under Fed. R. Civ. P. 41(b), a court may dismiss an action if the petitioner "fails to prosecute or to comply with these rules or a court order." Fed. R. Civ. P. 41(b). Courts have consistently interpreted this rule to permit

2

sua sponte dismissal. *Huggins v. Sup. Ct. of the U.S.*, 480 F. App'x 915, 916-17 (10th Cir. 2012); *AdvantEdge Bus. Grp. v. Thomas E. Mestmaker & Assocs., Inc.*, 552 F.3d 1233, 1236 (10th Cir. 2009) ("A district court undoubtedly has discretion to sanction a party for failing to prosecute or defend a case, or for failing to comply with local or federal procedural rules." (quoting *Reed v. Bennett*, 312 F.3d 1190, 1195 (10th Cir. 2002))). And if dismissal is without prejudice, the court may dismiss without attention to the non-exhaustive list of factors that, by contrast, must inform a dismissal with prejudice. *AdvantEdge Bus. Grp.*, 552 F.3d at 1236 & n.2.

Petitioner and Ms. Magana appear pro se, but they must follow the same rules as any other litigant. *See Davis v. Kan. Dep't of Corrs.*, 507 F.3d 1246, 1247 n.1 (10th Cir. 2007) (holding a pro se litigant "to the same rules of procedure as other litigants"). The undersigned finds that Petitioner and Ms. Magana's failure to comply with this Court's orders and rules, together with the Court's inherent power to manage judicial resources, warrants dismissal of this action without prejudice. *See Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1161 n.2 (10th Cir. 2007) (noting Rule 41(b) permits courts "to dismiss actions sua sponte for a plaintiff's failure to . . . comply with the rules of civil procedures or court's orders"); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (discussing the inherent power of a court to dismiss suits for lack of prosecution).

## II.    Recommendation and notice of right to object.

For the reasons set forth above, the undersigned recommends the Court dismiss this action without prejudice.

The undersigned advises Petitioner and Ms. Magana of their right to file an objection to this Report and Recommendation with the Clerk of this Court by June 8, 2026, in accordance with 28 U.S.C. § 636 and Federal Rule of Civil Procedure 72. The undersigned further advises Petitioner and Ms. Magana that failure to make timely objection to this Report and Recommendation waives their right to appellate review of both factual and legal questions contained herein. *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991). This Report and Recommendation disposes of the issues referred to the undersigned Magistrate Judge in the captioned matter.

**ENTERED** this 18th day of May, 2026.

SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE

4